United States District Court
Middle District of Florida
Jacksonville Division

ROY CHAMBERS, JR.,

     *Plaintiff,*

v.                                  **NO. 3:24-cv-722-MMH-PDB**

USAA GENERAL INDEMNITY
COMPANY ETC.,

     *Defendants.*

---

# Order

The plaintiff proceeds in forma pauperis. Doc. 3 at 2. The Court ordered him to show cause why the Court should not dismiss the action for failure to state a claim based on the statute-of-limitations defense. Doc. 5. He moves "to proceed further" based on alleged facts that he contends tolled any statute of limitations. Doc. 6.

At a minimum, adversarial briefing on the timeliness of any claim is warranted. The motion, Doc. 6, is **granted** to the extent the undersigned will not recommend dismissal based on the statute-of-limitations defense at this time.

The issuance of summonses and service of process remain stayed. *See* Doc. 3 at 2. **To proceed, the plaintiff, by April 14, 2025, must file a second amended complaint that complies with the pleading rules and the directives that follow**.

The Court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

## 1.

The plaintiff's papers are handwritten. *See, e.g.*, Docs. 4, 4-1. A judge can permit a party to file a handwritten paper. Local Rule 1.08(c). Handwritten papers, however, are difficult to read. Judges usually read hundreds of pages a week. If the plaintiff can, he should file typewritten papers.

## 2.

In his amended complaint, the plaintiff states that the Court has diversity jurisdiction. Doc. 4 at 3. He states his citizenship (Connecticut) and the citizenship of two defendants (Florida), Doc. 4 at 3–4, but states only the addresses of the other defendants, Doc. 4 at 2; Doc. 4-1 at 1.

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." 28 U.S.C. § 1332(a)(1). A natural person's citizenship is equivalent to a domicile, which requires both residence in a state and an intent to remain there indefinitely. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). A corporation is a

citizen of every domestic or foreign state of incorporation and the domestic or foreign state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company, partnership, or other unincorporated entity "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an unincorporated entity, a party must identify each member or partner and the citizenship of each member or partner. *Id.* If a member or partner is also an unincorporated entity, its members must also be identified, continuing through however many layers of members or partners there are. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

In the second amended complaint, the plaintiff must include a short and plain statement of the grounds for the Court's jurisdiction. If the plaintiff states the Court has diversity jurisdiction, he must state the citizenship of each defendant under the law just described.

**3.**

With the amended complaint, the plaintiff includes 31 pages of allegations. Doc. 4-1. Some of the allegations are factual (i.e., he retained the law firm of Morgan & Morgan), but many are legal conclusions (i.e., the defendants acted in bad faith and committed malpractice). *See* Doc. 4-1.

A complaint must include a short and plain statement of the claim showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is plausible (i.e., more than a sheer possibility that a defendant has acted unlawfully). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For example, these factual allegations **would** amount to a short and plain statement of a negligence claim showing the hypothetical plaintiff is entitled to relief: On March 18, 2025, the defendant drove down U.S. 1 in a Ford pick-up truck at 100 miles per hour, ran a red light, and crashed into the plaintiff's Toyota sedan, crushing the passenger's-side door and causing the plaintiff to break her left arm. In contrast, these factual allegations **would not** amount to a short and plain statement of a negligence claim showing the hypothetical plaintiff is entitled to relief: On March 18, 2025, the defendant drove in an extremely negligent and reckless manner and caused the plaintiff and her car extreme injuries.

Additionally, each claim in a complaint must be in numbered paragraphs "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

Rule 11(b), Federal Rules of Civil Procedure, provides:

> By presenting to the court a pleading, … an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims … and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

In the second amended complaint, the plaintiff must include a short and plain statement of the claim or claims showing he is entitled to relief. He must use a numbered paragraph for each allegation. He must limit or avoid legal conclusions and instead briefly and plainly explain what occurred. He must be simple, concise, and direct. He must not lump the defendants together (i.e., "the defendants …") and instead must state facts about what <u>each defendant</u> did or did not do that makes that particular defendant liable to the plaintiff. The plaintiff may include exhibits, which are often factual in nature, if they help show he is entitled to relief.

### 4.

In the amended complaint, the plaintiff demands $10 million from three defendants and $10 million from two defendants, for a total of $20 million. Doc. 4-1 at 28. He includes no demand against the other defendants. A complaint must include a "demand for the relief sought." Fed. R. Civ. P. 8(a)(3). In the second amended complaint, the plaintiff must include a demand for the relief sought as it pertains to each defendant, not just some of them.

**5.**

Some pages in the amended complaint appear out-of-order on the docket. *See* Doc. 4-1. A paper filed with the Court must include page numbering at the bottom center of each page except the first page. Local Rule 1.08(a). The plaintiff must include page numbers in the second amended complaint.

**6.**

For the amended complaint, the plaintiff uses the "Complaint for a Civil Case" form (Pro Se 1) and attaches papers to it. *See* Docs. 4, 4-1. For the second amended complaint, the plaintiff may continue to use the form, but allegations in attached papers must be in numbered paragraphs, and the papers must have page numbers, as just explained. A blank form is attached to this order.

**Ordered** in Jacksonville, Florida, on March 18, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Roy Chambers, Jr.
      210 Farmington Ave, Apt. 403
      Hartford, CT 06105