**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROY CHAMBERS, JR.,

      Plaintiff,

v.                                Case No. 3:24-cv-722-MMH-PDB

USAA GENERAL INDEMNITY
COMPANY, et al.,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants Andrew Dove, Lovette Dove, and Parrish Dove's (Dove Defendants) Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28; Motion), filed January 7, 2026. Plaintiff timely responded to the Motion. See Plaintiff's Response in Opposition to Dove Defendants Motion to Dismiss (Doc. 35; Response), filed January 16, 2026. Accordingly, this matter is ripe for review.

In the Motion, the Dove Defendants contend Plaintiff's second amended complaint should be dismissed for six reasons. See Motion at 1–2; see also Complaint for a Civil Case (Doc. 8; Second Amended Complaint), filed April 21, 2025. In the Response, Plaintiff largely agrees with the Dove Defendants that his Second Amended Complaint fails to state certain claims and is a shotgun

pleading. See generally Response. Plaintiff states that he "does not oppose dismissal of certain improperly pled claims and statutory references identified by the Dove Defendants." Id. at 1. He explains that he wishes to withdraw the following causes of action: "[r]eckless driving under Fla. Stat. § 316.192," "[c]ulpable negligence under Fla. Stat. § 784.05," "[a]ssault-based claims," and "[c]laims premised solely on Fla. Stat. §§ 768.0415, 768.043, 768.74, or 768.77," id. at 2, and that he "seeks to proceed solely on a claim for ordinary negligence arising from a vehicle-pedestrian collision," id. Additionally, Plaintiff acknowledges he must "[s]eparate[] each cause of action into a distinct count" and "[i]dentif[y] the specific defendant responsible for each alleged act[.]" Id. at 3–4. Plaintiff also advises that he "does not oppose striking" his demand for punitive damages. Id. at 4. He requests leave to file a third amended complaint that addresses these matters. Id.

Plaintiff did not follow the proper procedure for seeking leave to file a third amended complaint. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty, 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009). Nevertheless, upon review, the Court concludes that permitting Plaintiff to file a third amended

2

complaint consistent with his proposal will serve the interests of justice. See Fed. R. Civ. P. 15(a)(2) ("The [C]ourt should freely give leave [to amend] when justice so requires."). This action is at an early stage. Plaintiff intends to remove improper claims and conform his pleading to the requirements of the Federal Rules of Civil Procedure (Rule(s)), which will help all parties in the fair and expeditious resolution of the case. As such, Plaintiff shall file a third amended complaint on or before **February 23, 2026**. Because the filing of the third amended complaint will moot the Motion, the Motion is due to be denied without prejudice.

When preparing his third amended complaint, Plaintiff, if possible, should submit his filing in typewritten format (as he did when submitting his Response).[1] Doing so will help his case proceed efficiently because it will be easier for the Court and Defendants to understand his filing. The Court notes that the Response, although typewritten, does not comply with Rule 1.08, Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), which sets forth typography requirements for documents filed with the Court. Plaintiff must ensure his future filings comply with the Rules and Local Rules.

---

[1] Plaintiff's original complaint, first amended complaint, and Second Amended Complaint are handwritten. See Complaint (Doc. 1), filed July 19, 2024; Complaint for a Civil Case (Doc. 4), filed September 20, 2024; Second Amended Complaint.

Accordingly, it is

**ORDERED**:

1.      Defendants Andrew Dove, Lovette Dove, and Parrish Dove's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28) is **DENIED WITHOUT PREJUDICE**.

2.      On or before **February 24, 2026**, Plaintiff, Roy Chambers, Jr., shall file a third amended complaint that corrects the deficiencies he identifies in his Response in Opposition to Dove Defendants Motion to Dismiss (Doc. 35).

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of February, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

4